OFFICE COPY



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD ANTWI,<br><br>                         Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK; OFFICER PERRY QUINCOSES, individually and in his official capacity as a New York City Police Officer; JOHN DOE 1, individually and in his official capacity as a New York City Police Property Clerk; JOHN DOE 2, individually and in his official capacity as a New York City Police Officer at Gowanus Auto Pound; JOHN DOES 3 and 4, individually and in their official capacity as New York City Police Officers at Erie Basin Auto Pound, COPART, INC.; and JOHN DOES 5 and 6, individually and in their official capacity as employees and representatives of Copart, Inc.,<br><br>                         Defendants. | 12 CV 5755 (JPO)(FM)<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edward Antwi ("Mr. Antwi" or "Plaintiff"), by his attorneys, for his complaint against Defendants City of New York ("City of New York"); Officer Perry Quincoses ("Officer Quincoses"), individually and in his official capacity as a New York City Police Officer; John Doe # 1, individually and in his official capacity as a New York City Police Property Clerk; John Doe # 2, individually and in his official capacity as a New York City Police Officer at Gowanus Auto Pound ("Gowanus Pound"); and John Does # 3 and 4, individually and in their official capacity as New York City Police Officers at Erie Basin Auto Pound ("Erie Basin Pound"); Copart, Incorporated ("Copart"); and John Does # 5 and 6, individually and in their official capacity as employees and representatives of Copart, alleges upon personal knowledge as to his own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 and various state laws for damages arising from the wanton, reckless, and unlawful sale of Mr. Antwi's vehicle by government employees and agents in violation of Mr. Antwi's constitutional rights and despite Defendants' knowledge that Mr. Antwi was actively attempting to regain possession his vehicle.

## SUMMARY OF THE ACTION

2. On March 13, 2011, the New York City Police Department ("NYPD") seized Mr. Antwi's 2004 Nissan Sentra. Contrary to well-established procedure, Defendants recklessly failed to provide Mr. Antwi with notice, at the time of the seizure or any other time, of his well-settled right to a due process retention hearing to regain possession of his vehicle. Instead, Defendants misled and deceived Mr. Antwi by giving him false and incomplete instructions about the steps he needed to take to regain possession of his vehicle. Incredibly, less than 45 days after seizing Mr. Antwi's vehicle, Defendants recklessly and unlawfully sold the vehicle at auction and retained the proceeds, without Mr. Antwi's prior notice or consent, and with knowledge that he was diligently seeking the return of his vehicle.

3. This lawsuit seeks remedies for Defendants' egregious violation of Mr. Antwi's right to due process under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Article I of the Constitution of the State of New York, conversion, breach of bailment contract, and breach of lien law.

4. Plaintiff seeks compensatory and punitive damages, equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), this Court has original jurisdiction over the subject matter of Plaintiff's claims for violation of his constitutional and civil rights under 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. The Court has supplemental jurisdiction over Plaintiff's New York state law claims pursuant to 28 U.S.C. § 1367(a), in that all of Plaintiff's claims arise out of a common nucleus of operative facts.

7. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 because, among other reasons, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## JURY TRIAL DEMANDED

9. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## NOTICES OF CLAIM

10. Upon information and belief, Mr. Antwi filed two separate Notices of Claim with the Comptroller of the City of New York within ninety (90) days of the events complained of herein.

11. More than thirty (30) days have elapsed since the filing of such notices, and adjustment or payment thereof has been neglected or refused.

12. This action has been commenced within one year and ninety days after the occurrence of the events upon which these claims arise.

## PARTIES

13. Plaintiff, Mr. Antwi, is a lawful permanent resident of the United States, and was at all times relevant herein a resident of the County of the Bronx, State of New York, and of full age. At all times relevant herein, Mr. Antwi was the owner—and person entitled to the possession—of a black 2004 Nissan Sentra bearing Vehicle Identification Number 3N1AB51D64L736739.

14. Defendant City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department that acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risk attaches to the public consumers of the services provided by members of the NYPD. Defendant City of New York was at all times relevant herein the public employer of Defendants Officer Quincoses and John Does # 1-4. Defendant Copart acted as an agent and employee of Defendant City of New York at all relevant times herein.

15. Defendant Officer Quincoses, Shield No. 020255, was at all relevant times a duly appointed and acting officer, servant, employee and agent of the NYPD, a municipal agency of Defendant City of New York. Defendant Officer Quincoses was at all relevant times acting under the direction and control of the NYPD, and was acting pursuant to either official policy, or the custom, practice and usage of the NYPD. Defendant Officer Quincoses is sued individually and in his official capacity as an employee and agent of the NYPD.

16. Defendant John Doe # 1 is sued herein by the fictitious designation of "John Doe" because Plaintiff is unable to identify this Defendant's name or shield number despite undertaking reasonable efforts to do so. Defendant John Doe # 1 was at all relevant times a Property Clerk for Defendant City of New York, and was at all relevant times a duly appointed and acting officer, servant, employee and agent of the NYPD. Defendant John Doe # 1 was at all relevant times acting under the direction and control of the NYPD, a municipal agency of Defendant City of New York, and was acting pursuant to either official policy, or the custom, practice and usage of the NYPD. Defendant John Doe # 1 is sued individually and in his official capacity as an employee and agent of the NYPD.

17. Defendant John Doe # 2 is sued herein by the fictitious designation of "John Doe" because Plaintiff is unable to identify this Defendant's name or shield number despite undertaking reasonable efforts to do so. Defendant John Doe # 2 was at all relevant times a duly appointed and acting officer, servant, employee, and agent of the NYPD at Gowanus Pound, a duly appointed subsection of the NYPD. Defendant John Doe # 2 was at all relevant times acting under the direction and control of the NYPD, a municipal agency of Defendant City of New York, and was acting pursuant to either official policy, or the custom, practice and usage of the NYPD. Defendant John Doe # 2 is sued individually and in his official capacity as employee and agent of the NYPD.

18. Defendants John Does # 3 and 4 are sued herein by the fictitious designation of "John Doe" because Plaintiff is unable to identify these Defendants' names or shield numbers despite undertaking reasonable efforts to do so. Defendants John Does # 3 and 4 were at all relevant times duly appointed and acting officers, servants, employees, and agents of the NYPD at Erie Basin Pound, a duly appointed subsection of the NYPD. Defendants John Does # 3 and 4 were at all relevant times acting under the direction and control of the NYPD, a municipal agency

of Defendant City of New York, and were acting pursuant to either official policy, or the custom, practice and usage of the NYPD. Defendants John Does # 3 and 4 are sued individually and in their official capacity as employees and agents of the NYPD.

    19.    Defendant Copart is a domestic corporation licensed under the laws of the State of New York. Defendant Copart was at all relevant times a duly appointed, and acting agent and employee of the NYPD. Defendant Copart was at all relevant times acting under the direction and control of the NYPD, a municipal agency of Defendant City of New York, and was acting pursuant to either official policy, or the custom, practice and usage of Defendant City of New York. Defendant Copart is sued individually and in its official capacity as an agent and employee of the NYPD.

    20.    Defendants John Does # 5 and 6 are sued herein by the fictitious designation of "John Doe" because Plaintiff is unable to identify these Defendants' names despite undertaking reasonable efforts to do so. Defendants John Does # 5 and 6 were at all relevant times duly appointed, and acting agents, representatives and employees of Defendant Copart, an agent and employee of the NYPD. Defendants John Does # 5 and 6 were at all relevant times acting under the direction and control of Defendants Copart and NYPD, municipal agency of Defendant City of New York, and were acting pursuant to either official policy, or the custom, practice and usage of the NYPD. Defendants John Does # 5 and 6 are sued individually and in their official capacity as employees, representatives and agents of Defendant Copart and the NYPD.

## FACTUAL AND GENERAL ALLEGATIONS

21. On March 13, 2011, at approximately 7:25 p.m., Mr. Antwi was driving his 2004 Nissan Sentra on Sheridan Avenue, Bronx, New York, when he was pulled over by Defendant Officer Quincoses.

22. Defendant Officer Quincoses arrested Mr. Antwi shortly after the traffic stop, and the NYPD contemporaneously seized Mr. Antwi's vehicle. Upon his arrest, Mr. Antwi was transported to the 44th Precinct, located at 2 East 169 Street, Bronx, New York, 10452 for processing.

23. Upon information and belief, Defendant John Doe # 1 was at all relevant times the Property Clerk at the 44th Precinct, and is responsible for the care and custody and records maintenance of all property seized or kept for safekeeping pursuant to an arrest processed in the 44th Precinct.

24. Upon information and belief, the NYPD precinct Property Clerks and police officers involved in each of the arrest and seizure are responsible for providing the owner of a seized vehicle with written notice that he or she has the right to a due process retention hearing to regain possession of the seized vehicle. This notice must be provided both at the time of seizure and within five business days of the seizure via standard mail.

25. Contrary to the NYPD's own practices and procedures and well settled law, neither Defendant Officer Quincoses, Defendant John Doe # 1, nor anyone else provided Mr. Antwi with written notice—at the time of his arrest and the seizure of his vehicle or any other time—of his right to a due process retention hearing to regain possession of his vehicle.

26. Nevertheless, Mr. Antwi made diligent efforts to discover the location of his vehicle and the steps necessary to retrieve it. Upon his release from police custody, Mr. Antwi inquired

with Defendant John Doe # 1 about his vehicle and learned that the NYPD had placed a "hold" on the car. Defendant John Doe # 1 told Mr. Antwi that he could retrieve the car after obtaining a release from the Bronx District Attorney's Office (the "D.A.'s Release").

27. Acting in reliance on the representations of Defendant John Doe # 1, Mr. Antwi obtained the D.A.'s Release on April 1, 2011, brought it to the 44th Precinct shortly thereafter, and requested the return of his vehicle. At that time, Defendant John Doe # 1 told Mr. Antwi that his vehicle had been transferred to Gowanus Pound, located at 2nd Avenue and 29th Street, Brooklyn, New York, 11232, and that he would need to take the D.A.'s Release there to have the vehicle returned to him.

28. That same day Mr. Antwi went to Gowanus Pound with the D.A.'s Release and requested the return of his vehicle. Defendant John Doe # 2, an employee of Gowanus Pound, informed Mr. Antwi that his vehicle had been transferred to Erie Basin Pound, located at 700 Columbia Street, Brooklyn, New York, 11231, and he would need to take the D.A.'s Release there to retrieve the vehicle.

29. Mr. Antwi immediately went to Erie Basin Pound with the D.A.'s Release to request the return of his vehicle. There, Defendant John Doe # 3, an employee of Erie Basin Pound, told Mr. Antwi that he needed to provide proof of registration, insurance, and clean title in his name for the vehicle before Erie Basin Pound would return his vehicle.

30. Acting in reliance on the representations of Defendant John Doe # 3, on or around April 28, 2011, Mr. Antwi returned to Erie Basin Pound with the documentation he was told was necessary for the return of his vehicle and again requested possession of his car. Defendant John Doe # 4, an employee of Erie Basin Pound, informed Mr. Antwi that Defendants sold his vehicle at

auction one day earlier, on April 27, 2011. This sale was made without any notice to or authorization from Mr. Antwi.

31. Upon information and belief, Defendant Copart was at all relevant times the party responsible for the administration and execution of the sale of any seized vehicle held by the NYPD. The sale of any seized vehicle held by the NYPD requires notice to be provided to the owner prior to any sale.

32. Upon information and belief, Defendant John Doe # 5, an employee of Defendant Copart, sold Mr. Antwi's vehicle at an auction on April 27, 2011. Upon information and belief, Defendant John Doe # 6, a supervisor at Defendant Copart, oversaw the auction of Mr. Antwi's vehicle and retained the proceeds from the sale on behalf of the NYPD.

33. Upon information and belief, Defendants Copart, and John Does # 5 and 6 administered and executed the auction of Mr. Antwi's vehicle on April 27, 2011. Furthermore, Defendants Copart and John Does # 5 and 6 auctioned Mr. Antwi's vehicle without his prior notice or authorization.

34. At no time did Defendants John Does # 2 through 6, Copart, or any other officer, employee, or agent of NYPD or Copart, provide Mr. Antwi with the required written notice of a right to a due process retention hearing to regain possession of his vehicle. Nor did any Defendant, or any officer, employee, or agent of any Defendant, provide Mr. Antwi with verbal notice of his right to a due process retention hearing or provide Mr. Antwi with a prompt post-seizure hearing to regain possession of his vehicle.

35. At no time did any Defendant, nor any officer, employee, or agent of any Defendant, inform Mr. Antwi of the possibility that his car would be sold.

36. Relying on Defendants' incomplete and/or erroneous verbal representations, Mr. Antwi diligently followed all of the instructions he was given only to find that the NYPD had unlawfully and recklessly sold his vehicle at auction, less than two months after it was seized and in clear violation of the NYPD's own practices and procedures, and well settled law.

37. Mr. Antwi has not received any proceeds from Defendants' unlawful sale of his vehicle.

38. As a result of all of the acts alleged herein, Mr. Antwi has been unlawfully deprived of his property, has suffered financial losses, and was otherwise damaged and injured.

## FIRST CLAIM FOR RELIEF

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
(Defendants Officer Quincoses, John Does # 1 through 6, and Copart)

39. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

40. The conduct and actions of Defendants Officer Quincoses, John Does # 1 through 6, and Copart, acting under color of law and pursuant to NYPD policies or practices, in authorizing the seizure of and seizing Mr. Antwi's vehicle without issuing a notice of a right to a due process retention hearing describing the means by which he could regain possession of his vehicle, without providing a prompt post-seizure hearing, and selling Mr. Antwi's vehicle without providing notice to Mr. Antwi prior to the sale, were done without lawful justification or reason in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

41. As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

## SECOND CLAIM FOR RELIEF

## DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
(Defendant City of New York)

42. Plaintiff incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

43. At all times material to this Complaint, Defendant City of New York, acting through the NYPD, had in effect policies, practices, customs and usages that condoned and fostered the unconstitutional conduct of Defendants Officer Quincoses, John Does # 1 through 6, and Copart, and were a direct and proximate cause of the damages and injuries complained of herein.

44. These policies, practices, customs and usages include, *inter alia*: (a) the failure to properly screen, train, supervise, discipline, transfer, counsel and/or otherwise control NYPD police officers engaged in the seizure of vehicles; (b) the failure to properly screen, train, supervise, discipline, transfer, counsel and/or otherwise control NYPD Property Clerks; (c) the failure to use reasonable care in selecting storage companies to perform work under contract with the NYPD; (d) the failure to properly supervise the conduct of towing and storage companies working under contract with the NYPD; (e) the failure to use reasonable care in selecting vehicle auction companies to perform work under contract with the NYPD and; (f) the failure to properly supervise the conduct of vehicle auction companies working under contract with the NYPD.

45. Upon information and belief, the NYPD does not provide any training to its police officers or employees concerning the seizure of vehicles in connection with arrests made within the Defendant City of New York.

46. Upon information and belief, the NYPD routinely fails to issue notices of a right to a retention hearing to owners of vehicles seized pursuant to an arrest within the City of New York,

and where the arrested individual is transferred to NYPD custody, that describe the means by which owners can regain possession of their vehicles.

47. Upon information and belief, the NYPD routinely permits its exclusive towing and storage contractors to fail to provide such notices, and the NYPD provides no oversight, training, or instruction to ensure that these contractors provide such information to owners of seized property.

48. Upon information and belief, the NYPD routinely permits hired contractors to auction seized vehicles without providing notice to the owner, and the NYPD provides no oversight, training, or instruction to ensure that these contractors provide such notice to owners of seized property.

49. Upon information and belief, the NYPD does not discipline its police officers, employees, or contractors for these failures.

50. As a direct and proximate result of the Defendants' wrongful policies, practices, customs and/or usages complained of herein, Mr. Antwi has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

## THIRD CLAIM FOR RELIEF

### DEPRIVATION OF RIGHTS UNDER ARTICLE I OF THE CONSTITUTION OF THE STATE OF NEW YORK
(All Defendants)

51. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

52. The conduct and actions of Defendants Officer Quincoses, John Does # 1 through 6, and Copart, acting under color of law, in seizing Mr. Antwi's vehicle without issuing a notice of a right to a due process retention hearing describing the means by which he could regain possession

of his vehicle, in failing to provide a prompt post-seizure hearing, in refusing to return Plaintiff's vehicle, and in selling Plaintiff's vehicle without notice, were done without lawful justification or reason in violation of Plaintiff's due process rights under Article I of the Constitution of the State of New York.

53. As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and was otherwise damaged and injured.

## FOURTH CLAIM FOR RELIEF

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING
### (Defendant City of New York)

54. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

55. Defendant City of New York negligently hired, screened, retained, supervised and trained the Defendants Officer Quincoses, John Does # 1 through 6, and Copart. The acts and conduct of Defendant City of New York were the direct and proximate cause of injury and damage to Mr. Antwi and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

56. As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

## FIFTH CLAIM FOR RELIEF

### CONVERSION
**(Defendants Officer Quincoses, John Does # 1 through 6, and Copart)**

57. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

58. The conduct and actions of Defendants Officer Quincoses, John Does # 1 through 6, and Copart alleged herein, in seizing Mr. Antwi's vehicle without issuing a notice of a right to a due process retention hearing describing the means by which he could regain possession of his vehicle, in failing to provide a prompt post-seizure hearing, in refusing to return Plaintiff's vehicle upon his demand, and in disposing of Plaintiff's vehicle without notice or compliance with New York Lien Law, were done without lawful justification or reason and with malicious, reckless, and willful disregard of Plaintiff's right to possession of the vehicle and constituted an unlawful conversion of Plaintiff's vehicle.

59. As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

## SIXTH CLAIM FOR RELIEF

### BREACH OF BAILMENT CONTRACT
**(Defendants Officer Quincoses, John Does # 1 through 6, and Copart)**

60. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

61. The conduct and actions of Defendants Officer Quincoses, John Does # 1 through 6, and Copart alleged herein, in seizing Mr. Antwi's vehicle and thereby agreeing to act as bailees for the vehicle without issuing a notice of a right to a due process retention hearing describing the means by which he could regain possession of his vehicle, in failing to provide a prompt post-

seizure hearing, in refusing to return Plaintiff's vehicle upon his demand, and in selling Plaintiff's vehicle without notice or compliance with New York Lien Law, were done without lawful justification or reason and with malicious, reckless, negligent, and willful disregard of the bailment relationship and Plaintiff's right to possession of the vehicle in breach of the bailment contract concerning Plaintiff's vehicle.

62. As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE
(Defendants Officer Quincoses, John Does # 1 through 6, and Copart)

63. Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

64. Defendants Officer Quincoses, John Does # 1 through 6, and Copart, jointly and severally, failed to exercise due care and negligently caused injury and loss of property to Mr. Antwi. The acts and conduct of Defendants Officer Quincoses, John Does # 1 through 6, and Copart alleged herein, in seizing Mr. Antwi's vehicle without issuing a notice of a right to a due process retention hearing describing the means by which he could regain possession of his vehicle, in failing to provide a prompt post-seizure hearing, in refusing to return Plaintiff's vehicle upon his demand, and in selling Plaintiff's vehicle without notice or compliance with New York Lien Law, were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

65. As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

## EIGHTH CLAIM FOR RELIEF

## RESPONDEAT SUPERIOR LIABILITY
## FOR VIOLATIONS OF STATE AND FEDERAL LAW
(Defendant City of New York)

66.  Plaintiff incorporates by reference each preceding allegation as if fully set forth herein.

67.  The conduct and actions of Defendants Officer Quincoses and John Doe # 1 through 4 alleged herein occurred while they were on duty and in uniform, and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents, officers, servants and employees of Defendant City of New York, and as a result Defendant City of New York is liable to Mr. Antwi pursuant to the state common law doctrine of *respondeat superior*.

68.  The conduct of Defendants Copart, and John Does # 5 and 6 alleged herein occurred while it was on duty and during the course and scope of its duties and functions as agent and employee of the City of New York, acting through the NYPD, and as a result the Defendant City of New York is liable to Mr. Antwi pursuant to the state common law doctrine of *respondeat superior*.

69.  As a result of the foregoing, Plaintiff has been unlawfully deprived of his property, has suffered financial losses, and otherwise has been damaged and injured.

(*Document continues on next page*)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:    October 1, 2012
            New York, New York

LATHAM & WATKINS LLP

By: _____
Kevin M. McDonough, Esq.
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
Fax: (212) 751-4864

- and -

J. McGregor Smyth, Jr., Esq.
THE BRONX DEFENDERS
860 Courtlandt Avenue
Bronx, New York 10451
Tel: (718) 838-7878

*Attorneys for Plaintiff Edward Antwi*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD ANTWI,<br><br>                                       Plaintiff,<br>    -against-<br><br>CITY OF NEW YORK; OFFICER PERRY QUINCOSES, individually and in his official capacity as a New York City Police Officer; JOHN DOE 1, individually and in his official capacity as a New York City Police Property Clerk; JOHN DOE 2, individually and in his official capacity as a New York City Police Officer at Gowanus Auto Pound; JOHN DOES 3 and 4, individually and in their official capacity as New York City Police Officers at Erie Basin Auto Pound, COPART, INC.; and JOHN DOES 5 and 6, individually and in their official capacity as employees and representatives of Copart, Inc.,<br><br>                                       Defendants. | 12 Civ. 5755 (JPO)(FM)<br><br>**CERTIFICATE OF<br>SERVICE** |

I, Jessica L. Bengels, hereby certify that on October 1, 2012, true and correct copies of the annexed Amended Complaint were caused to be served in accordance with the Federal Rules of Civil Procedure, via prepaid Federal Express overnight delivery service upon:

        Aaron Bath, Esq.
        Copart, Inc.
        Attn: Legal Department
        14185 Dallas Pkwy, Suite 300
        Dallas, TX 75254
        *Attorneys for Defendant Copart, Inc.*

        Nicholas R. Ciappetta, Esq.
        City of New York Law Dept.
        Attn: Administrative Law Division
        100 Church Street
        New York, NY 10007
        *Attorneys for Defendants The City of New York, Gowanus Auto*
        *Pound, and Erie Basin Auto Pound*

LATHAM & WATKINS LLP

By: _____
Jessica L. Bengels

885 Third Avenue
New York, New York 10022
(212) 906-1200

*Attorneys for Plaintiff Edward Antwi*